UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVESTER MOTT-BEY,

    Petitioner,

Case No. 2:20-cv-11380

HONORABLE STEPHEN J. MURPHY, III

v.

HEIDI E. WASHINGTON,

    Respondent.

                                  /

**ORDER TRANSFERRING
THE CASE TO THE WESTERN DISTRICT OF MICHIGAN**

    Petitioner Sylvester Mott-Bey, a state prisoner incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a pro se habeas corpus petition under 28 U.S.C. § 2254 and an emergency motion for a temporary restraining order ("TRO"). ECF 1, 2. The petition indicated that in 1983, Petitioner was convicted of second-degree murder in the former Recorder's Court for the City of Detroit, Michigan, and was sentenced to prison for 75 to 150 years. ECF 1, PgID 1. His petition seems to be centered on a challenge to the conditions of his imprisonment, not his underlying conviction.

    Likewise, in his emergency motion for a TRO, Petitioner sought immediate release from incarceration and alleged that, due to his chronic health problems and the conditions in prison, he is at risk of contracting COVID-19 and suffering from loss of health or life. ECF 2, PgID 18–21. Petitioner further alleged that there is no correctional facility where he could be safely incarcerated during the COVID-19 pandemic. *Id.* at 21.

1

A state prisoner in a state that has two or more federal judicial districts may file a habeas petition in the district where the prisoner is in custody or in the district where the prisoner was convicted and sentenced. 28 U.S.C. § 2241(d). The district having custody of the prisoner and the district where the prisoner was convicted and sentenced have concurrent jurisdiction to entertain the application. *Id.* Moreover, the Court in the district where the petition was filed may, in the exercise of its discretion and in furtherance of justice, transfer the application to the other district for a hearing and determination. *Id.*; *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

Here, although Petitioner was convicted in the Eastern District of Michigan, he is not attacking his conviction. Instead, his petition and motion for a TRO are solely focused on challenging the execution of his sentence, which he is currently serving in Chippewa County, within the geographical confines of the Western District of Michigan. *See* 28 U.S.C. § 102(b)(2).

Because of the potential inconvenience and expense of moving Petitioner between his facility and the Court for any hearings and because the entirety of his petition relates to acts and witnesses within the confines of the Western District, the interests of justice are furthered by a transfer of the case to the Western District. *See Starnes v. McGuire*, 512 F.2d 918, 931 (D.C. Cir. 1974). The Court's docket congestion and the potential for a speedy resolution of the issues in the Western District of Michigan is an additional factor weighing in favor of a transfer. *See id.* at 932

("Although congestion alone is not sufficient reason for transfer, relative docket congestion and potential speed of resolution is an appropriate factor to be considered.").

**WHEREFORE**, it is hereby **ORDERED** that the case is **TRANSFERRED** to the Western District of Michigan.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: June 9, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 9, 2020, by electronic and/or ordinary mail.

s/ David P. Parker<br>Case Manager

3